UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

Nathan Christopher Braun,                    File No. 21-cv-2297 (ECT/DTS)

    Petitioner,

v.                                                                **ORDER**

Minnesota Department of Corrections, The;
State of Minnesota; MNDOC HRU; and
MNDOC SRU,

    Respondents.

───────────────────────────────────────────────

Petitioner Nathan Christopher Braun commenced this action pro se by filing a petition for a writ of habeas corpus. ECF No. 1. Braun then filed a separate petition adding claims. ECF No. 10. Magistrate Judge David T. Schultz has issued a Report and Recommendation. ECF No. 16. Magistrate Judge Schultz recommends dismissing Braun's first petition without prejudice based on his failure to exhaust state-court remedies, construing Braun's second petition as a motion to amend and denying it as futile, denying Braun's application to proceed in forma pauperis as moot, and issuing a certificate of appealability on the question of whether Braun's failure to exhaust state-court remedies as to the Petition should be excused. R&R at 16.

Braun and Respondents have filed objections to the Report and Recommendation. ECF Nos. 17, 19. Braun objects to Magistrate Judge Schultz's recommendations that Braun's claims be dismissed for failure to exhaust his state-court remedies and that his second petition, which Magistrate Judge Schultz construed as a motion to amend the first

petition, be denied.  ECF No. 19.  Respondents object to the recommendation that a certificate of appealability issue.  ECF No. 17.  Braun filed a reply to Respondents' objections.  ECF No. 20.

Braun and Respondents' objections mean the Report and Recommendation is reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).  I have undertaken that de novo review and agree with Magistrate Judge Schultz's analysis and conclusions almost entirely.  I conclude that a certificate of appealability should not issue because no reasonable jurist would disagree with Magistrate Judge Schultz's recommendation not to excuse Braun's failure to exhaust state-court remedies or consider that recommendation debatable.

To obtain a certificate of appealability, Braun must make a "substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), which means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and quotation marks omitted).

Braun has failed to exhaust the state remedies available to him.  He has not challenged the administrative calculation of his sentence in a state habeas petition, and he has not demonstrated that available state court processes are insufficient to protect his rights.  *See* 28 U.S.C. § 2254(b)(1)(B)(i)–(ii).  Braun points to delayed or unsuccessful

efforts to correct or alter his sentence in state court as an excuse for his failure to exhaust his state remedies. *See* ECF Nos. 5, 14. But Braun's prior, unrelated motions do not raise the "special circumstances sufficient to excuse complete exhaustion of state remedies" that the Eighth Circuit found in *Chitwood v. Dowd*, where the petitioner "made a continual good faith effort to bring his petition before the proper forum and . . . faced roadblocks at every turn." 889 F.2d 781, 785 (8th Cir. 1989). Given this law and these facts, I do not think that reasonable jurists would disagree regarding whether Magistrate Judge Schultz's recommendation not to excuse Braun's failure to exhaust state-court remedies is debatable or wrong. In other words, I conclude that no reasonable jurist would determine that this recommendation is debatable or wrong. Therefore, I conclude that no certificate of appealability should issue.

Therefore, based on all the files, records, and proceedings in this matter, **IT IS ORDERED THAT**:

1. Respondents' Objections to the Report and Recommendation [ECF No. 17] are **SUSTAINED**.

2. Petitioner's Objections to the Report and Recommendation [ECF No. 19] are **OVERRULED**.

3. The Report and Recommendation [ECF No. 16] is **ACCEPTED** in part.

4. Braun's Petition for Habeas Relief [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.

5. Braun's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **DENIED** as moot.

6. Braun's second Petition for Habeas Corpus Relief [ECF No. 10], construed as a motion to amend the Petition, is **DENIED**.

7. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 11, 2022           s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court